The Honorable Florence Shapiro Chair, Committee on Education Texas State Senate Post Office Box 12068 Austin, Texas 78711-2068
Re: Meaning of the words "bid" and "proposal" for purposes of chapter 44 of the Education Code and chapter 71 of the Natural Resources Code (RQ-0880-GA)
Dear Senator Shapiro:
You explain that the Fort Worth Independent School District ("FWISD" or the "District") "recently issued a Request for Competitive Sealed Proposals ("RFCSP") . . . [to] parties who might have an interest in the lease of FWISD land for the purpose of obtaining the underlying minerals."[1] In relation to the RFCSP, you ask whether the District's "use of the word `proposal' in the title of its request . . . constituted a violation of the Texas Natural Resources Code that contemplates the lease of mineral interests by political subdivisions through the use of `bids.'" Request Letter at 6.
At the outset, we note that to some extent your question requires a construction of the RFCSP, a task that we cannot undertake. Cf. Tex. Att'y Gen. Op. Nos. GA-0725 (2009) at 1 ("This office does not construe particular contracts or contract provisions."), JC-0450 (2002) at 4 n. 3. This office has historically refused to consider questions about the award of particular contracts or whether a contract is subject to specific competitive-bidding requirements because those questions involve factual determinations. Tex. Att'y Gen. Op. No. GA-0685 (2008) at 2-3. Thus, we cannot express an opinion with respect to the validity of the District's RFCSP or whether it was misleading to a potential lessee of the District's land. See Tex. Att'y Gen. Op. No. JC-0326 (2001) at 1 ("[W]e cannot determine whether the city violated the law in awarding the contract."). As a result, this opinion does not comment on the particular award that gives rise to your question but answers only your legal question in general terms.
Your request arises due to divergent language in two Codes that you tell us may apply to the District's attempt to obtain oil and gas leases on its property. Chapter 71 of the Natural Resources Code expressly permits a political subdivision to "lease land owned by it for mineral development" *Page 2 
and establishes a procedure that the political subdivision is to use in obtaining such a lease.[2] TEX. NAT. RES. CODE ANN. § 71.002 (West 2001) (titled "Authority to Lease"); see id. §§ 71.003-010 (describing procedures for a political subdivision to obtain and amend a lease). Relevant to your inquiry, "the governing body of the political subdivision shall receive and consider bids submitted for leasing all or part of the land that was advertised for lease." Id. § 71.006 (emphasis added); see also id. § 71.004 ("notice must be given and a public hearing must be held for consideration of bids") (emphasis added).
Separate from the Natural Resources Code, the Education Code also expressly allows "[m]inerals in land belonging to an independent school district [to] be sold to any person." TEX. EDUC. CODE ANN. § 11.153(a) (West 2006). Unlike the Natural Resources Code, section 11.153 of the Education Code does not provide a procurement procedure specific to a school district's award of an oil and gas lease. However, section 44.031
of the Education Code provides the methods by which school districts may contract generally:
 (a) Except as provided by this subchapter, all school district contracts . . . valued at $50,000 or more in the aggregate for each 12-month period shall be made by the method, of the following methods, that provides the best value for the district:
 (1) competitive bidding;
 (2) competitive sealed proposals;
 (3) a request for proposals, for services other than construction services;
 . . .
Id. § 44.031(a) (West Supp. 2010).[3] Thus, under section 44.031, depending on the circumstances, a school district may use alternative methods for contracting. Id.
You explain that "[i]n an effort to lease their mineral interests, the FWISD recently issued a Request for Competitive Sealed Proposals," as authorized under section 44.031(a)(2) of the Education Code. Request Letter at 1. Although the District titled its request a Request for Competitive Sealed Proposals, "[t]he actual text of the RFCSP contains over 200 references to `bids/RFCSPs' and `bidders/proposers,' where the terms are used interchangeably." Id. at 1-2. *Page 3 
Thus, you ask whether use of the word proposal in the title, rather than bid, constituted a violation of the Natural Resources Code. Id. at 6.
Chapter 71 of the Natural Resources Code does not provide specific requirements for the title of a political subdivision's invitation to participate in the competitive process. It is a long-held principle of Texas law that we look to the substance of a document over its title to determine the document's content. See Matz v. Bennion, 961 S.W.2d 445,452 (Tex. App.-Houston [1st Dist] 1997, pet. denied); Neece v. A.A.A. RealtyCo., 322 S.W.2d 597,600 (Tex. 1959) ("While in certain cases, one must consider captions in order to ascertain the meaning and nature of a written instrument, it has been held that the greater weight must be given to the operative contractual clauses of the agreement. . . ."). Thus, even assuming that the law requires the District to accept "bids" instead of "proposals," a question we do not decide in this opinion, use of the word proposal in the title of the RFCSP does not, by itself, prevent the District from satisfying the terms of chapter 71 of the Natural Resources Code. Whether the District complied with the terms of that chapter with regard to a specific contract is a fact question that will depend both on the content of the entire RFCSP and the actions of the potential lessees and the District. *Page 4 
 SUMMARY
An independent school district's use of the word "proposal" in the title of an invitation to participate in the competitive process to lease property for oil, gas, and mineral development does not, by itself, violate the terms of chapter 71 of the Natural Resources Code. Whether a particular political subdivision complied with that chapter in an effort to lease its mineral interests will involve a fact-intensive inquiry and construing the request, neither of which this office may do.
Very truly yours,
GREG ABBOTT Attorney Gsfieral of Texas
DANIEL T. HODGE First Assistant Attorney General
DAVID J. SCHENCK Deputy Attorney General for Legal Counsel
NANCYS. FULLER Chair, Opinion Committee
Virginia K. Hoelscher Assistant Attorney General, Opinion Committee
[1] Request Letter at 1 (available athttp://www.texasattomeygeneral.gov).
[2] "Political subdivision" is defined as "any body corporate with a recognized and defined area." TEX. NAT. RES. CODE ANN. § 71.001 (West 2001). Presumably this would include a school district.
[3] You do not tell us the value of the District's contract to lease its mineral interests. We note that the District's contract must be valued at $50,000 or more in the aggregate for a twelve-month period in order for Education Code section 44.031 to apply. *Page 1